**IN THE COURT OF APPEALS OF IOWA**

No. 25-1545
Filed December 3, 2025

**IN THE INTEREST OF E.P.,**
**Minor Child,**

**D.P., Mother,**
　　　　Appellant.
_____

　　　　Appeal from the Iowa District Court for Cass County, Ashley West-Joons, Judge.

　　　　A mother appeals the termination of her parental rights. **AFFIRMED.**


　　　　William T. Early, Harlan, for appellant mother.

　　　　Brenna Bird, Attorney General, and Natalie Hedberg, Assistant Attorney General, for appellee State.

　　　　Karen L. Mailander of Mailander Law, PLC, Anita, attorney and guardian ad litem, for minor child.


　　　　Considered without oral argument by Chicchelly, P.J., and Buller and Langholz, JJ.

**CHICCHELLY, Presiding Judge.**

A mother[1] appeals the termination of her parental rights. She argues (1) termination of her parental rights is not in the child's best interests and (2) the juvenile court should have applied a permissive exception to preclude termination. Upon our review, we affirm.

### I.      Background Facts and Proceedings

The family came to the attention of the Iowa Department of Health and Human Services (HHS) after the mother was arrested and charged with drug-related criminal offenses in February 2024. That same month, the State filed a petition alleging the child to be a child in need of assistance under Iowa Code section 232.96A(3)(b) and (14) (2024). The child was removed from the mother's custody and placed in foster care.

The juvenile court ordered the mother to complete mental-health and substance-use evaluations and treatment and participate in random drug testing. The mother was engaged in in-patient treatment in Omaha, Nebraska for approximately two months before returning to Iowa and engaging in outpatient treatment.

In February 2025, concerns arose relating to the mother's accountability and for the child. The mother had minimal contact with the child, and there was not a strong bond between them. The mother moved back to Omaha.

In May, the mother moved from Omaha to Des Moines. At this point, the mother began to miss drug testing and was not having consistent communication

---

[1] The father's parental rights were also terminated, but he is not a party to this appeal.

with HHS. The mother was unsuccessfully discharged from family treatment court and admitted to a relapse. The juvenile court ordered the State to file a petition to terminate the parental rights of the mother and unknown father.

The State filed the petition to terminate the mother's parental rights. The petition alleged grounds for termination under Iowa Code section 232.116(1)(d), (e), and (h) (2025). After a hearing, the juvenile court granted the petition and terminated the mother's parental rights. The mother now appeals.

## II.     Standard of Review

We review termination-of-parental-rights proceedings de novo. *In re W.M.*, 957 N.W.2d 305, 312 (Iowa 2021). While not binding on us, we give weight to the juvenile court's fact findings, "particularly with respect to credibility determinations." *Id.*

## III.     Discussion

"Our review of termination of parental rights under Iowa Code chapter 232 is a three-step analysis." *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). First, we determine "whether any ground for termination under section 232.116(1) has been established." *Id.* If we conclude affirmatively, we next "determine whether the best-interest framework as laid out in section 232.116(2) supports the termination of parental rights." *Id.* at 219–20. If we conclude section 232.116(2) supports termination, "we consider whether any exceptions in section 232.116(3) apply to preclude termination of parental rights." *Id.* at 220. However, "[w]e do not address any steps not raised by a parent." *In re L.A.*, 20 N.W.3d 529, 532 (Iowa Ct. App. 2025) (en banc).

Here the mother does not contest the statutory grounds for termination have been met, so we do not discuss them. Instead, we focus our review on whether (1) termination was in the child's best interest and (2) a permissive exception in section 232.116(3) precludes termination.

### a. Best Interests

The mother first argues that termination was not in the child's best interest. In considering that question, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). The mother's primary argument is that she has made progress towards recovery from drug addiction. While we are sympathetic to the mother's progress, we "cannot deprive a child of permanency after the State has proved a ground for termination . . . by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014) (quoting *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010)).

Our review of the record leads us to the conclusion that termination is in the child's best interest. The juvenile court ordered the mother engage with reunification services offered by HHS including mental-health evaluation and treatment, substance-use-evaluation and treatment, drug screenings, family centered services, supervised interactions, and family treatment court. The mother was offered approximately nine different substance-use treatment programs. As the juvenile court found, she engaged with many of them—but completed none. As a result, HHS's primary concern remains unaddressed. *See In re H.R.K.*, 433 N.W.2d 46, 50 (Iowa Ct. App. 1988) ("[T]he requirement that the parents

acknowledge and recognize the abuse before any meaningful change can occur is essential in meeting the child's needs."). Because the mother's needs remain and she has made no meaningful effort to address them, we find the child cannot be safely returned to the mother's custody. *See L.A.*, 20 N.W.3d at 533 (finding termination was appropriate where the "mother has not made sustained progress with her substance-use problems").

Additionally, there are concerns about the mother's ability to provide a safe and permanent home for the child. During the course of this case, the mother has had ten different residences. These concerns raise questions about whether the child can be safely returned to the mother's custody now or in the foreseeable future. *See In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (stating the defining elements of a child's best interests are safety and need for a permanent home).

Accordingly, we find termination of the mother's parental rights was in the child's best interests.

### b. Permissive Exception

Next, the mother argues the juvenile court erred by not applying a permissive exception to termination. She argues that the permissive exception in Iowa Code section 232.116(3)(c) applies because there is a close parent-child relationship between the mother and child. But the mother never requested the juvenile court apply this exception, so we decline to reach the merits of this argument because the mother has not preserved error on this claim. *See In re J.R.*, 20 N.W.3d 839, 843 (Iowa Ct. App. 2025) (en banc) (requiring a parent seeking application of an exception under section 232.116(3) to raise the argument before the juvenile court before the parent may raise it on appeal).

Even if we reached the merits, we would not apply a permissive exception here. The parent claiming the exception has the burden to prove it should apply. *In re A.S.*, 906 N.W.2d 467, 476 (Iowa 2018). Our review of the record shows that as of the time of trial, the child had been out of the mother's care for seventeen months, that HHS had genuine concerns that the mother was not making an effort during her visits with the child, and that there was not a strong bond forming between her and the child. That is sufficient evidence to find the mother has not proven that the permissive exception in Iowa Code section 232.116(3)(c) should apply.

We affirm the termination of the mother's parental rights.

## IV. Conclusion

Because we find termination of the mother's parental rights is in the child's best interests and the mother failed to preserve her claim on the application of a permissive exception for our review, we affirm.

**AFFIRMED.**